**Fred J. ARGAST and P. H. Miller, Appellants, v. UNITED STATES of America, Appellee.**

**No. 12913.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 14, 1946.

---

Francis Murphy, of Fargo, N. D., for appellant Fred J. Argast.

Joseph T. Harrington, of Chicago, Ill. (J. K. Murray, of Bismarck, N. D., on the brief), for appellant P. H. Miller.

P. W. Lanier, U. S. Atty., of Fargo, N. D., for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

Argast and Miller appeal from a judgment of conviction entered upon a verdict of guilty for conspiring in violation of § 88, 18 U.S.C.A., to defraud the United States by corruptly administering and procuring the corrupt administration of the Frazier Lemke Act of June 22, 1938, as amended, 11 U.S.C.A. §§ 201 to 203 inclusive, being an amendment to the National Bankruptcy Act of 1898. Three others were indicted with them as coconspirators. Of these Henry Mindt and John A. Zuger were acquitted by the jury and upon motion of the government the charge against M. S. Rippley was dismissed. The indictment also named one J. L. Fields, deceased, as a member of the conspiracy.

Except as to names and places, the particular charges and the general form of the indictment in this case are the same as the charges and the indictment in the cases of Braatelien v. United States, 8 Cir., 147 F.2d 888, and Joyce v. United States, 8 Cir., 153 F.2d 364.

In the instant case John A. Zuger is named in the indictment as a conciliation commissioner and the other defendants are called solicitors. Most of the contentions of the appellants here are controlled by the decisions in the above named cases. The demurrer to the indictment, the demand for a bill of particulars, and the objections to the admission of testimony concerning acts and declarations of Fields, a deceased alleged conspirator, are ruled against the appellants on the authority of the Braatelien case, and the contention that the acquittal of Zuger, the conciliation commissioner, released the appellants is held against them on the authority of the Joyce case. Other objections to the admission of evidence have been examined and are found to be without merit and the rulings of the court thereon without prejudice. The appellants took no exceptions to the instructions of the court to the jury. The motions for advised verdicts and in arrest of judgment on behalf of appellants were properly overruled. There was ample evidence to support the verdict.

The judgments appealed from are accordingly affirmed.

WOODROUGH, Circuit Judge, dissents.